## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE MAYOR, &C., OF THE CITY OF NEW YORK.

The *attorney general* has authority to bring an action in the name of the People, to restrain a municipal corporation from exercising authority in making a contract, or performing similar acts, not possessed by it under its charter, or by law.

An *injunction* will not be granted to restrain a municipal corporation from *passing a resolution*—it being a legislative act; but it may be granted to restrain such corporation from carrying into effect a resolution passed by them.

Where the people complain of a municipal corporation that they are about to carry out a resolution adopted by them, to do work without lawful authority, and to the injury of the public, no other persons need be united with the plaintiffs or defendants as *parties* to the action.

"Whenever any work is necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose, which work and job is to be undertaken or supply furnished for the corporation (of the city of New York), and the several parts of said work or supply shall together involve the expenditure of more than $250, the same shall be by contract, under such regulations concerning it as shall be established by ordinance of the common council, unless by a vote of three-fourths of the members elected to each board it should be ordered otherwise." (*Laws* 1857, *ch.* 446, § 38.)

*Held*, that the above clause, "work necessary to be done to complete or perfect a particular job," &c., cannot include work forming part of a job, which in a contract for the residue of the job, appears to have been intentionally excluded, to be let in future, or to be otherwise done. It was doubtless intended for cases of work omitted in a contract from inadvertence, or the necessity of which to complete a job, was unforeseen when the contract was made.

When by a proper construction the contract made by the corporation does not embrace work claimed by them to come within it.

*New York Special Term, December*, 1859.

MOTION for an injunction, to restrain the defendants from making or carrying into effect a certain contract made with Fairchild, Walker & Co., for the construction of the gate houses of the Croton reservoir. The facts will sufficiently appear in the following opinion:

LYMAN TREMAIN, *attorney general, for motion.*
RICHARD BUSTEED, *corporation counsel, opposed.*

T. R. Strong, Justice.   It is apparent from the opinion of Justice Ingraham, on the decision of the motion made before him in this case, at special term, for an injunction, and I have also learned from conversation with him on the subject, that he intended to decide for the purpose of the motion, that the attorney general has authority to bring an action in the name of the people, to restrain a municipal corporation from exercising authority in making a contract, or performing similar acts, not possessed by it under its charter, or by law.   He denied the motion in respect to a restraint to that extent in this case, on the ground it did not appear that defendants were about to do the acts of that nature stated in the complaint, except upon information and belief, which was not sufficient. This defect existed in the plaintiff's papers, but it appears to have been supplied by papers introduced by the defendants, and the fact to have escaped the attention of the court.   The further papers now produced by the plaintiffs removed this ground of objection.

On this renewal of the motion, in pursuance of the leave given therefor, I shall not examine the question as to the right of the attorney general to bring this action, but shall follow the decision of Justice Ingraham on that point, and allow the plaintiffs an injunction if they have made a case in other respects which calls for such an interposition by the court.

The prayer of the complaint is, that the action of the defendants in passing a resolution directing the Croton aqueduct board to have the gate houses, aqueduct, and their appurtenances, for the new reservoir, constructed by Fairchild, Walker & Co., under the contract made with them the 2d of April, 1858, &c., be adjudged to be without authority and a usurpation of power; and that the defendants be enjoined from passing the resolution or any resolution directing the work to be done by those persons, or any person, except the same be awarded in the ordinary way

upon sealed bids made in pursuance of notice; that the defendants also be enjoined from employing said persons or any person, to construct said work; and the defendants be prohibited from carrying out the provisions of said resolution. It is set forth in the complaint, that the resolution had been passed by the board of councilmen and the board of aldermen, that it had been vetoed by the mayor, and re-adopted by the board of councilmen by a vote of 16 to 3, and that the same was before the board of aldermen for their concurrence. The other papers now before the court, show that the resolution was again passed by the board of aldermen on the 5th of September, 1859, the same day the complaint was verified, two-thirds of all the members elected having voted therefor, whereby it became adopted.

It was held by Justice INGRAHAM, that passing the resolution was a legislative act, and that the defendants could not be enjoined from any legislation they might deem proper; and following that decision, aside from the facts that the resolution has passed and is in force as far as it could be made operative by the defendants, I shall hold that an injunction against the passage of the resolution cannot be granted.

In regard to the residue of the relief sought, that the defendants be enjoined from employing Fairchild, Walker & Co., or any person, to construct the work mentioned in the resolution, and that the defendants be precluded from carrying out the provisions of the resolution, several questions have been raised which must be considered.

The theory of the complaint being, that the defendants are about to carry out the resolution by employing Fairchild, Walker & Co., to do the work without lawful authority, and to the injury of the public, I perceive no reason why any persons should be united with the present plaintiffs or defendants as parties to the action.

Baldwin & Jaycox, to whom as the lowest bidders, in pursuance of due notice inviting proposals, the Croton

aqueduct board awarded the contract for constructing the gate houses, pipe chamber, and aqueduct, on the 27th of October, 1858, have no right to the work under the award before confirmation of the contract by the defendants. (*Laws* 1857, *chap.* 446, *sec.* 33, *sec.* 32. *Ordinances of defendants of* 1855, *sec.* 494. *The People ex rel. Dinsmore* agt. *The Croton Aqueduct Board*, 16 *How.*, 4.) But if it were otherwise, and their rights should be infringed, they would have an ample remedy by action. They have not a pretence of claim to an injunction, and nothing is demanded injurious to their interests.

Fairchild, Walker & Co., have no interest, legal or equitable, involved in the litigation. So far as their contract for constructing the reservoir, embraces the work in question, it is not sought to be, and will not be, affected by the result of this action. They will be entitled to perform their contract, and to damages if the contract is violated by the defendants. Their rights under their contract are in no way in question to their prejudice; and they have no rights under the resolution directing the Croton acqueduct board to employ them to do the work specified in it.

It is claimed by the defendants, that they have the power to give this work to Fairchild, Walker & Co., without any letting or contract, by a three-fourths vote, under sec. 38 of the laws of 1857, chap. 446. That section, after providing that all contracts to be made or let by authority of the common council, for work to be done or supplies to be furnished, shall be made by the appropriate heads of departments, under such regulations as shall be established by the common council, proceeds: "whenever any work is necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose, which work and job is to be undertaken or supply furnished for the corporation, and the several parts of said work or supply shall together involve the expenditure of more

than $250, the same shall be by contract, under such regulations concerning it as shall be established by ordinance of the common council, unless by a vote of three-fourths of the members elected to each board, it should be ordered otherwise." The section next provides that all contracts shall be entered into by the appropriate heads of departments, and shall be founded on sealed bids, &c. Assuming that the contract of Fairchild, Walker & Co., does not embrace the gate houses, &c., I do not think that work can properly be regarded "work necessary to be done to complete or perfect a particular job," &c., within the fair meaning of those words in the section cited. That clause cannot include work forming part of a job which in a contract, for the residue of the job appears to have been intentionally excluded, to be let in future, or to be otherwise done. A contrary construction would to a great extent defeat the policy of the provision, by making its evasion by three-fourths of each board entirely easy. In any case of an extensive work, a small part might be let to the lowest bidder according to the charter, and the residue procured to be done under the clause referred to. The clause was, doubtless, intended for cases of work omitted in a contract from inadvertence, or the necessity of which to complete a job was unforseen when the contract was made.

Another position of the defendants is, that the work in question is covered by the terms of the contract of Fairchild, Walker & Co., and, therefore, there is no ground for granting an injunction. If the work is within that contract, an injunction against a new employment of those persons and the carrying out of the resolution would certainly be harmless; that fact, however, is not a reason for issuing an injunction. But if the contract of Fairchild, Walker & Co., does not cover that work, the resolution for their employment to do the work was unauthorized, and the carrying out of the resolution by the defendants, or a

new employment by them of Fairchild, Walker & Co., to do the work, would be illegal. After a careful examination of the contract, and much consideration of the question, I am satisfied that the contract does not by a just and proper construction embrace the entire work of the construction of the gate houses, aqueduct, and their appurtenances; on the contrary I think it apparent on the face of the contract, that this work with the exception of such parts of it as would be performed by doing work plainly and particularly, not in general terms, specified therein, was intended to be excluded from the contract. The 4th and 13th specifications provide for excavations of areas for the foundations of the gate houses, and making excavations for the foundations of the gate houses, pipe vaults, laying pipes, and the aqueduct, &c., of such depths, &c., as the engineer may direct, but, beyond that, I find no provision in terms for building the gate houses by those contractors. The absence of such a provision is strong evidence that it was not intended to bring that work within the contract. In addition to that, the 26th specification clearly contemplates that this work will be done by other persons. The language is, " during the construction of the masonry of the gate houses, pipe vaults, conduit, the laying of pipes and other necessary work, the Croton aqueduct board reserves the control of so much ground as the engineer may deem necessary for the proper accommodation in the construction of such works and of the persons employed on them." General language in the specifications, must be construed in connection with this clause, and so limited in interpretation as to allow the clause an effect in accordance with its obvious meaning.

It is impossible for the court, and the court ought not if it could, upon this motion to decide precisely how far Fairchild, Walker & Co., are entitled under the contract to do work which will be in aid of the construction of the gate houses, and other things mentioned in the 27th speci-

fication. If the construction of the gate houses, is not committed to those persons by their contract, as I have already expressed the opinion it is not, that is sufficient to call upon the court to prevent by injunction the execution of the resolution of the defendants for giving them the work, and to prevent any new employment by the defendants of those persons to construct the gate houses &c., except by contract founded upon a sealed bid or proposal as provided in section 38 above referred to of the law of 1857; the injunction not however to affect the rights of Fairchild, Walker & Co., to perform, or the right of the defendants to permit performanee of the present contract according to its terms.

I think the complaint sufficient as a pleading to warrant the relief demanded to that extent. As a pleading, it sufficiently shows an intention by the defendants, beyond the passing, to carry out or execute the resolution. In regard to a public injury, it shows that according to the bid of Baldwin & Jaycox for the work, there would be a saving to the corporation of New York by letting the work pursuant to the charter, instead of having it done under the contract of Fairchild, Walker & Co., upon a single item of the work of $16,730.

An undertaking must however be executed on the part of the plaintiffs as a condition of granting the injunction, in such sum, and with such sureties, as shall be approved by the court, on one day's notice to the defendants, and be duly approved and filed.

An injunction is ordered according to this opinion upon such an undertaking being first given within ten days.